## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| JULIE WERNERT and SCOTT WERNERT, as next friends for C.W., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:24-cv-01000 |
| | ) | Judge Aleta A. Trauger |
| WILLIAMSON COUNTY BOARD OF EDUCATION and STACEY EDMONDSON, in her official capacity as District Attorney for the 21st Judicial District of Tennessee, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM

Before the court is defendant Stacey Edmondson's Motion to Dismiss, supported by a Memorandum of Law. (Doc. Nos. 43, 44.) Finding that Edmondson is entitled to sovereign immunity based on the facts alleged in this case, the court will grant the motion and dismiss the single claim against her for lack of subject matter jurisdiction.

## I.      BACKGROUND

The plaintiffs bring suit on behalf of their child against the Williamson County Board of Education ("Williamson County" or the "County") and Stacey Edmondson, in her official capacity as the District Attorney for the 21st Judicial District of Tennessee. (Doc. No. 34, Am. Compl. ¶¶ 1, 10–11, 13.) The plaintiffs allege that their minor child, C.W., was criminally prosecuted by Edmondson, in her official capacity, for allegedly violating Tenn. Code Ann. § 39-16-517(b), placed in solitary confinement, strip searched, forced to undergo evaluations, and placed on house arrest. (*Id.* ¶ 5.) Against Edmondson, the plaintiffs "do not seek monetary damages . . . . Rather,

they seek declaratory relief that their son's criminal prosecution under Tenn. Code Ann. § 39-16-517, was unconstitutional as applied to the facts of their specific cases.." (*Id.* ¶ 83.)

The Amended Complaint states in detail what happened in the Fall of 2023, during the minor plaintiff's junior year at Independence High School in Williamson County, Tennessee, when he was wrongfully accused of making a threat to commit an act of mass violence on school property, in violation of § 39-16-517(b), and suspended from school under the "zero tolerance" policy adopted as part of Tenn. Code Ann. § 49-6-3401(g)(2). (*See generally* Am. Compl. ¶¶ 21–44.) Based on this event, the plaintiffs assert (1) a claim under 42 U.S.C. § 1983 against Williamson County for violations of C.W.'s right to substantive due process, under the Fourteenth Amendment, arising out of his suspension (*id.* ¶¶ 59–71); and (2) a claim against Edmondson in her official capacity only, under § 1983, for violating the plaintiff's Fourteenth Amendment right to substantive due process, based on Edmondson's decision to prosecute C.W. for violating Tenn. Code Ann. § 39-16-517. (*Id.* ¶¶ 73–83.) As noted, the plaintiffs request a judicial declaration that C.W.'s "criminal prosecution . . . was unconstitutional as applied to the facts of this case." (*Id.* ¶ 83.)

Defendant Edmondson seeks dismissal of the claim against her on the grounds that she is entitled to sovereign immunity because, as a state official sued in her official capacity, she is absolutely immune from suit, unless the suit falls within the narrow exception announced in *Ex parte Young*, 209 U.S. 123 (1908). She argues that, because the plaintiffs seek only a declaration that she violated their constitutional rights in the past, *Ex parte Young* does not save the claim. (Doc. No. 44 at 4–7.) Edmondson also asserts that the Amended Complaint fails to state a "justiciable" due process claim, because the plaintiffs lack standing to seek a "declaratory judgment about events that have already occurred" and because such a claim against Edmondson

is moot. (*Id.* at 7, 8.) Alternatively, she argues that the Amended Complaint fails to state a colorable substantive due process claim. (*Id.* at 8–12.)

The plaintiffs argue in response that the claim against Edmondson falls within the scope of *Ex parte Young*, because there is a "realistic possibility that [Edmondson] will take legal or administrative actions against the plaintiff's interests" in the future, and they have "plausibly alleged that there is a 'credible threat of enforcement' of the statute against them, because the enforcement has happened." (Doc. No. 50 at 13, 14 (quoting *Fischer v. Thomas*, 52 F.4th 303, 307 (6th Cir. 2022)); *see also id.* at 14 ("[T]here is always the possibility [that if] the minor Plaintiff [says] the wrong thing [he] could be prosecuted once again.").) They also maintain that they have standing, that their claim is not moot, and that their substantive due process claim satisfies the "shock[s] the conscience" test. (*Id.* at 22.)

Edmondson filed a Reply (Doc. No. 53), pointing out that the plaintiffs cannot supplement their pleading in response to a motion to dismiss, that the SAC does not allege facts suggesting that the minor plaintiff plans to engage in conduct that might subject him to the challenged law in the future, and that the SAC does not state a claim for prospective relief. She also contends that the plaintiffs' other arguments are without merit.

## II.    ANALYSIS

Because Edmondson has raised sovereign immunity as a threshold defense to the court's subject matter jurisdiction, the court must address that issue first. *See Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) (holding that once sovereign immunity is raised as a jurisdictional defect, it must be decided before the merits). Finding that Edmondson is entitled to sovereign immunity, the court does not reach the defendant's other arguments.

## A.    Rule 12(b)(1) – Legal Standard

A motion to dismiss for lack of subject matter jurisdiction can "challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). A facial attack—like the one here—is "reviewed under the same standard as is applied to a Rule 12(b)(6) motion: the court accepts the plaintiff's well-pleaded allegations as true and asks whether subject matter jurisdiction exists based on the complaint." *Wallace v. Greystone at the Highlands Ass'n*, No. 1:19-CV-1045, 2020 WL 6709743, at *2 (W.D. Mich. Nov. 16, 2020) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

## B.    Sovereign Immunity

District Attorneys General and their assistants prosecute suits on behalf of the State of Tennessee, receive salaries payable out of the state treasury, and therefore are employees of the State of Tennessee. *See White by Swafford v. Gerbitz*, 860 F.2d 661, 663 n.2 (6th Cir. 1988) (explaining that a cause of action against the district attorney or assistant district attorneys, in their official capacities, constitutes an action against the state because those individuals prosecute suits on behalf of the state and receive an annual salary payable out of the state treasury (citing Tenn. Code Ann. §§ 8-7-103, -105, -201). In other words, they are state officials.

The Eleventh Amendment "deprives federal courts of subject-matter jurisdiction when a citizen sues his own State unless the State waives its immunity or Congress abrogates that sovereign immunity." *Russell*, 784 F.3d at 1046 (citation omitted). The State of Tennessee has not waived its immunity to this suit or generally to suits under § 1983, *Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986), nor did Congress's passage of § 1983 abrogate the State's immunity, *Ladd v. Marchbanks*, 971 F.3d 574, 578 (6th Cir. 2020) (citing *Quern v. Jordan*, 440 U.S. 332,

345 (1979)). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). As such, it is in actuality a suit against the State itself and, therefore, is generally barred by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).

However, the doctrine announced in *Ex parte Young* provides another exception to sovereign immunity asserted by states and state officials. In order to fall within the *Ex parte Young* exception, a claim must seek prospective relief to end a continuing violation of federal law. *Diaz v. Mich. Dep't of Corrs.*, 703 F.3d 956, 964 (6th Cir. 2013); *see, e.g.*, *Carten v. Kent State Univ.*, 282 F.3d 391, 396 (6th Cir. 2002) ("[C]laims for reinstatement are prospective in nature and appropriate subjects for *Ex parte Young* actions."). On the other hand, "*all* retroactive relief," and not merely "retroactive monetary relief," is barred by the Eleventh Amendment. *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 509 (6th Cir. 2008) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 10 (1984)); *see also Ladd*, 971 F.3d at 581 ("*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" (quoting *Verizon Md. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002)).

C.    **Application**

The plaintiffs argue that Edmondson, "acting in her official capacity, approved and authorized the prosecution of C.W. under Tennessee Code Ann. § 39-16-517" and that the exception to sovereign immunity announced in *Ex parte Young* applies to their claim against her, because, as District Attorney for Williamson County, she was responsible for the minor plaintiff's prosecution, which was "authorized and carried out under" Edmondson's "direction and control . . . acting in her official capacity." (Doc. No. 50 at 10.) They argue that the court has subject matter jurisdiction under *Ex Parte Young* because:

despite the officer's actions being taken pursuant to state authority, they are treated as if they were the officer's purely personal actions—thus undeserving of immunity—on the assumption that the state cannot authorize an unconstitutional act. An officer's enforcement of an unconstitutional law, therefore, leaves him "stripped of his official . . . character" and stripped of corresponding immunity from suit. This is the basic mechanism by which Plaintiffs seek to thwart defendants' assertion of sovereign immunity.

(*Id.* at 11 (first citing *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 272 (1997); then quoting *Ex parte Young*, 209 U.S. at 160; then citing *Universal Life Church Monastery Storehouse v. Nabors*, 35 F.4th 1021, 1040 (6th Cir. 2022)).)

While acknowledging that *Ex parte Young* permits only "prospective" relief (*id.* at 12), the plaintiffs also characterize the case as barring monetary relief but permitting "certain suits seeking declaratory and injunctive relief." (*Id.* at 11 (quoting *Coeur d'Alene*, 521 U.S. at 269); *see also id.* (asserting that *Ex parte Young* "allows plaintiffs to sue officers, irrespective of immunity, to enjoin their future actions on behalf of the state if those actions would violate the federal constitution" (quoting *Universal Life Church*, 35 F.4th at 1040)).) They assert that there is a "realistic possibility the official will take legal or administrative actions against the plaintiff's interest," because she did so in the past, and, therefore, that Edmondson "may not invoke sovereign immunity from injunctive or declaratory relief." (*Id.* at 13.) The plaintiffs also argue that they can satisfy the *McKay* factors, from *McKay v. Federspiel*, 923 F.3d 862, 869 (6th Cir. 2016)—a test that applies to the analysis of whether a plaintiff has standing to bring a pre-enforcement challenge to a state law. They contend that *McKay* authorizes their lawsuit, because "there is always the possibility" that the minor plaintiff could "say the wrong thing" and "be prosecuted again." (Doc. No. 50 at 14.)

The plaintiffs are simply mistaken. The Amended Complaint, as framed, asserts that C.W.'s prosecution, which terminated in May 2024, was "authorized and carried out under the direction and control" of Edmondson, acting in her official capacity, that Edmondson prosecuted

C.W. for violating Tenn. Code Ann. § 39-16-517 despite a lack of evidence that he violated the statute, that her application of § 39-16-517 to C.W.'s conduct was arbitrary and capricious, and that the prosecution caused C.W. significant injuries. (Am. Compl. ¶¶ 74, 77, 79, 81–82.) To remedy these injuries, the plaintiffs seek a judicial declaration that "their son's criminal prosecution under Tenn. Code Ann. § 39-16-517[] was unconstitutional as applied to the facts of this case." (*Id.* ¶ 83.) In other words, the plaintiffs allege that Edmondson's past prosecution of C.W. violated his "substantive due process rights under the Fourteenth Amendment to the United States Constitution. (*Id.* at 17.) The Amended Complaint does not seek relief that can properly be characterized in any sense as prospective. Most notably, they do not seek to enjoin Edmondson from continuing to violate their son's rights.

As set forth above, state officials sued in their official capacity are immune not only to suits for monetary relief but to all suits, however characterized, seeking retroactive relief. *See, e.g.*, *S & M Brands*, 527 F.3d at 507–08 ("Under the *Ex parte Young* exception, a federal court can issue *prospective* injunctive and declaratory relief compelling a state official to comply with federal law . . . . The *Ex parte Young* exception does not, however, extend to any *retroactive* relief." (emphasis added)); *Ladd*, 971 F.3d at 580–81 (dismissing claim for declaratory relief as not seeking relief that could be characterized as prospective). Even though the plaintiffs seek relief in the form of a declaratory judgment, rather than monetary relief, the declaration they seek is retroactive in nature, not prospective, because the plaintiffs ask the court to declare that Edmondson's behavior in the past violated the minor plaintiff's constitutional rights.

Moreover, the Amended Complaint does not remotely allege facts indicating that C.W. intends to engage in behavior that might subject him to future enforcement of the challenged statute. The facts as alleged in the SAC concern only past activities. The *McKay* factors have no

bearing here, because the issue is *not* whether the plaintiffs can establish "injury-in-fact for pre-enforcement standing purposes." *McKay*, 823 F.3d at 869. Nor do the other cases cited in the plaintiffs' Response call into question the requirement that, for the *Ex parte Young* exception to sovereign immunity to apply, a plaintiff suing a state official in his official capacity must seek prospective relief, not merely non-monetary relief.[1]

Because the plaintiffs sue Edmondson in her official capacity for retroactive relief in the form of a declaration that she violated their constitutional rights in the past, the claim is barred by sovereign immunity under the Eleventh Amendment and must be dismissed for lack of subject matter jurisdiction.

## III. CONCLUSION

Edmondson's Motion to Dismiss will be granted on the grounds of sovereign immunity. An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge

---

[1] The plaintiffs have not sued Edmondson in her individual capacity. If they had, this claim, too, would likely be futile, because state prosecutors enjoy absolute immunity from suit under § 1983 for conduct related to the initiation and presentation of the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 420, 431 (1976); *Howell v. Sanders*, 668 F.3d 344, 349 (6th Cir. 2012). That is, "[a] prosecutor is entitled to absolute immunity when [he] acts 'as an advocate for the State' and engages in activity that is 'intimately associated with the judicial phase of the criminal process.'" *Rieves v. Town of Smyrna*, 959 F.3d 678, 691 (6th Cir. 2020) (quoting *Prince v. Hicks*, 198 F.3d 607, 611 (6th Cir. 1999), and *Imbler*, 424 U.S. at 430–31 (1976)). The immunity afforded to prosecutors is not defeated by allegations that such officials acted maliciously or corruptly. In fact, "the Sixth Circuit has held that a prosecutor is absolutely immune from a lawsuit based upon the professional evaluation of evidence," and even the "knowing presentation of false testimony at trial." *Chase v. Funk*, No. 3:16-cv-01579, 2016 WL 7180150, at *3 (M.D. Tenn. Dec. 9, 2016) (citing *Ireland v. Tunis*, 113 F.3d 1435, 1445 (6th Cir. 1997), and *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003)).